IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

BARBARA BORTNER,

        Petitioner,                                                                                  OPINION and ORDER

     v.                                                                                                               24-cv-461-wmc

COLETTE PETERS, Director,
Federal Bureau of Prisons,

        Respondent.

_____

After petitioner Barbara Bortner entered a guilty plea to charges of wire fraud and attempted tax evasion, this court sentenced her on May 5, 2022, to 42 months' imprisonment, followed by a 3-year term of supervised release. *United States v. Bortner*, No. 21-cr-85-wmc (W.D. Wis.). On February 29, 2024, the court reduced petitioner's term of imprisonment to 41 months and she was subsequently transferred to a halfway house. While on home confinement in Janesville, Wisconsin, petitioner filed an "emergency" federal habeas corpus petition under 28 U.S.C. § 2241 and three additional motions for expedited relief, seeking outright release from "custody" of the Federal Bureau of Prisons ("BOP") to begin serving her term of supervised release. (Dkt. #1, ##3-5.) The petition and the pending motions will be denied and this case will be dismissed as moot for reasons explained below.

OPINION

Petitioner alleges that she was approved for release from the Federal Prison Camp

1

in Danbury, Connecticut, to a halfway house on December 21, 2023, due to the application of earned time credits under the First Step Act and the Second Chance Act. (Dkt. #1, at 3.)  Although her placement was delayed due to a lack of available housing, she was transferred to a halfway house on May 20, 2024, and then released to home confinement a short time later.  (*Id*. at 3-4.)

In a federal habeas petition dated July 8, 2024, petitioner notes that the BOP has calculated the "conditional release date" for her custodial sentence as August 15, 2024, but she believes the date should be July 20, 2024, with the accrual of additional time credits.  Thus, petitioner seeks relief under 28 U.S.C. § 2241 in the form of an order directing the BOP to release her from home confinement to begin her term of supervised release no later than July 20, 2024.  (Dkt. #1, at 5.)

The court notes that petitioner unsuccessfully challenged the calculation of her sentence in a federal habeas corpus proceeding filed in the United States District Court for the District of Connecticut.  *See Bortner v. Stover*, No. 3:24-cv-281 (D. Conn. July 31, 2024) (Dkt. #18) (concluding that petitioner's sentence was calculated appropriately and denying habeas corpus relief).   In addition, public records confirm that, as of August 2, 2024, petitioner is no longer in BOP custody.  *See* Federal Bureau of Prisons Inmate Locator, https://www.bop.gov (last visited Oct. 1, 2024).  "[A] federal court at any stage of the proceedings must, on its own, dismiss a case as moot when it cannot give the petitioner any effective relief." *A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998));  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Because

petitioner is now on supervised release, which is the only relief she sought, the court must deny her petition and dismiss this case as moot.

## ORDER

IT IS ORDERED THAT:

1) The federal habeas corpus petition under 28 U.S.C. § 2241 filed by petitioner Barbara Bortner (dkt. #1) is DENIED and this case is DISMISSED without prejudice as moot.

2) Petitioner's pending motions to expedite (dkt. ##3-5) are also DENIED as moot.

3) The clerk of court is directed to enter judgment and close this case.

Entered this 21st day of October, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge